We'll take up our third case, United States v. Camero-Castaneda. Whenever you're ready. Good morning Judge Packer, Judge Wilkinson, and Judge Keene. May it please the court, my name is Nardine Gergis and alongside my co-counsel Megan O'Connor, we both represent the appellant in this matter, Reymundo Camero-Castaneda. I am aware that prior to proceeding, the government in this case filed a motion for a corrected brief. And they did in fact file a corrected brief. I want to make mention of that given the previous instruction I received, just so as to ensure that if the... That motion has not been acted on, Valera. It's pending, right? That is correct. There's a motion to file what they call a corrected brief? That is correct. And you have not responded to it? We consent to it. Pardon? We consent to it. You consent to the filing of it? We do consent to the filing of it. It certainly gets to the crux of one of our arguments, which has to do with the fact that several... The court, if you will, in regards to the facts that the district court relied on when we collaterally attacked the order of removal under 1326D. I understand, but that response brief, under our rules, allows you, representing the impellant, to file a reply brief. Yes. You're waiving the right to file a reply brief? No, we are not. However... Well, but you're here to argue. That is correct. How are we going to argue if the case hasn't been briefed? We agree... If you consent to the filing of the corrected brief, what are we going to do about securing a reply brief? Well, therein lies the reason why... Why are we having an argument and you haven't given a reply brief? Therein lies... Well, let me make sure that the court is aware that is not due to us not proceeding by way of desiring to file a reply brief. It was filed on Friday. And this brief changes the facts of the case? Absolutely. And what about the facts of the case that were presented to our friend Judge Dever in the district court? This is a... He had a misleading set of facts? Yes, but not misleading... Well, what... Yes, Your Honor, I'm sorry. What are we going to do about that? Well, therein lies the reason why I wanted to bring it up, right? Is that fair to Judge Dever? And to the... To our reviewing... Our review process? That he based his decision on a set of facts that were... He said he relied on that waiver... That so-called waiver that they abandoned now. That's correct. And the government says, we don't rely on that anymore. It's not valid. We've got information not in the record. And we're not showing you. That means that that waiver is not valid. Or something like that. That is correct. But they argued before Judge Dever it was valid. And he ruled it was valid and made his ruling based on it. To some extent, I think. On its validity. I'm not sure I understand your position. Or the proposed position of the government. So this is all the fault of the government. This mess we're in right now, it seems to me. And I would like to hear, as I'm sure Judge King would. What your position is on where we go now. Given what the government has done. Thank you, Judge Thacker. I want to make clear that despite the fact we can send to the corrected briefing. We do not waive our right to a reply. However, it was filed this past Friday after five. And so we did place our focus. The motion was filed. A motion to file a corrected brief. That motion has not been ruled upon by the court, as I understand it. That is correct. Coming back to the question that Judge Thacker indicated. We believe the appropriate thing for this honorable court to do. Is to remand this matter. For further review by the district court. And given the fact that we know time is of the essence when it comes to your honors. We actually proposed that in advance of today. With the government. Because we want it to be clear. And respectful of your time. So certainly our position is as such, given that the record. Is clearly erroneous. I'm sorry. It's really annoying to put it. Have the government come in at this late date. And say we made. We made a mistake. I mean, I'm glad they acknowledged it. Rather than letting the arrow. Go further, but. We'll have a chance. To express our view of what happened. When your. Adversary steps up. As I understand it. The government is still not like to give you a chance to respond. The government is still. Intending that. Collateral attacks. Upon removal orders. Are highly disfavored. And that they must meet. Three requirements. Administrative exhaustion. Depriving deprivation of judicial review. And then the third one is. Was it fundamentally unfair? And you have to meet all three of those. And. The government's concessions. Not the prop seller. From under. One and two. The government is still contending. That number three, the fundamentally unfair. Business. Is still. Viable. Or the reason that. He was convicted as an adult. And. Because he was convicted as an adult. And because he was convicted as an adult. That satisfies. Under the statute. The third. Requirement that in order to beat the third requirement. You would have to prove that he was. Convicted as a minor. And then you would go from there. And. So what do you have to say about. About that third requirement. And if we were to conclude. That the. Conviction. In 2004. Was an adult conviction. That. That. That. That the. Government's position. So they can. Should still be. Affirmed because of the failure to meet that third requirement. What do you say about that? That is an excellent question. And I think it's a very important one to delve into. Number one. I obviously think it's important to identify on the forefront. That we would appreciate an opportunity to obviously reply. In writing in the form of a reply brief. And I don't want to waive that by proceeding. The additional factor that I think is exceptionally important here. Is precedent. And I know that judge Wilkinson, you had made. Emphasis on that in a previous matter. And I think it's important to identify. Fernandez Sanchez. This is a very important decision that was decided by. The fourth circuit. Just last year. And in that matter. It was clear that if. Respondent was not provided. Nor was he able to engage in his right to appeal. And certainly stated when you're not. Provided those. That discussion with the immigration judge. You don't know whether or not you can appeal. And at that point, it becomes fundamentally unfair. So you're left 1 remaining question. You're contending that the waiver issue. On which the government. Is in. That's correct. With the. With the 3rd requirement of fairness. Not just me, but dishonorable for circuit. Has identified that with respect to Fernandez Sanchez. And I think it is very important. That if you do not have a viable waiver, which we do not have here. We don't have anything beyond that. We do have. So your view is that the district court was. Deciding the case under a version of the facts. Which has been proven to be incorrect. That is correct. Okay. And I think it's also important because you bring up the point. Regarding convicted as a minor. Or convicted as an adult. Interestingly enough. I don't believe it hinges necessarily on whether or not we need to. Identify if he was convicted as a minor or convicted as an adult. I think the analysis under 1326. Doesn't necessarily. I mean, it can, because there is a. There is a. Due process violation that we're arguing, but that's separate and apart. The other due process violation that we. Why shouldn't. Why wouldn't we just give judge Debra a chance to start off? Remand the case. And give and so it comes up again. We would have some confidence in the fact that had been. Resolved under a correct. View of the facts, which. At present, it is not a correct view of the facts. We support that. We believe it is the right decision in this matter. Okay. If there is nothing further, I will go right ahead and give it off to my colleague. Council. I have to. Start off by saying that. I don't know whether you're responsible or not, but I was sorely disappointed. At this 11th hour. Correction and the. I'm. I do appreciate you. You're telling us it would have been unconscionable. To have had this court proceed under a view of the facts that you knew to be wrong. Absolutely. So credit for that. But no credit at all. For the fact that this was brought to our attention. At the 11th hour. It's gone through earlier. Proceedings before judge Dever was never brought to his attention. The government litigated under a misleading set of facts. And. All during the briefing of this case and the preparation of this case. This was never brought to our attention anymore. It was to judge Devers. What in the world went wrong here? To the point that this court. And judge. We're put on the brink of deciding a case. On the facts that are patently incorrect. What happened? I'm, I'm happy to explain your honor. I, I think your, your frustration is justified. Okay. Speak up. John Gibbons for the United States. Let, let me just walk you through what happened. I'm happy to explain. So. The, the a file that we use in these kinds of cases is. The alien file that we get from department of Homeland Security. It's in this case, it was hundreds of pages long and we. Produce that, of course, to the defendant. In the course of discovery, as we did in this case, so the defendant. Council had access to the, the document that, that prompted our correction. It was produced to defendants council. There's no discovery issue there. So what happened was the. Trial a USA. Inadvertently overlooked. A notation in the a file. And believe that this sign statement was valid and he had. Believe that the defendant had signed the statement and then. That the immigration judge had used. Yes, the waiver. Yes, your honor. So-called wave. Yes, your honor. I was about to brought his waiver. I've ever seen about anything. Well, but it could be. So, wait, right for the. We're able to hearing to decide whether the waiver is voluntary. And it's a juvenile all the time. Well, so, and wait, I mean, that's 1 of the issues, right? And you all relied on that. Yes. So now you pulled it. Let me, let me explain further. Okay. Is the flaw that he didn't sign it. No, your honor. So the flaw was, so he signed it in the record. And then we, we relied on it with judge never, of course. And defense counsel had access to the notes that I'll read to you. That that cut this waiver and never challenged it on this basis. Now, is this now that's not to blame that you said we're not in the record. Yes, your honor. You're going to tell us something. So, these are notes that should have been in the record. Before judge never, but we're not. Well, they were going to be in our record now too. They were notes that both parties inadvertently, but they're not in the record. That's correct. And we, we didn't put them in the record. It should have been in the record and are not in. They should have. It should be in the record. And I assume if we remanded. They would certainly be a part of the record. Absolutely. Yeah. Any judges looking at it here after or lawyers that are working on here after would be equally familiar with everything. Absolutely. Your honor. Do you object a remand to let judge ever decide this with an accurate set of materials before him? Well, so let me explain a little further. Question. Yeah, answer that. We, we don't think a remand is necessary in this case. We don't think of me, Brad. Remand is necessary. Because the issue you will do with these. Tell us that are not in the record. Well, because we're not, we have to decide cases on the record. Absolutely. And you're talking about things that are outside the record. So, let me explain a little further what what happened. Okay. As I was preparing for oral argument, you know, the joint appendix was prepared with both parties. This wasn't in the record because appendix is part of the record. We need to see, but it's not the record. And the record is what we rely on. So, the joint appendix is just what the lawyers think we ought to see. But the record on appeal is the record on appeal and that's everything. And none of this stuff that you're about to tell us about is in the record on appeal. Well, it was not in the record, of course, before Judge Dameron, or it would be in the record. That's correct. Yes, Your Honor. So, as I was preparing for oral argument. I'm interested in preserving the integrity of our court and its processes. And I'm not interested at all in resolving a case when concessions have been made of factually erroneous material. And those concessions have been made at the 11th hour. And these were not trivial concessions. They were major concessions that cut the legs out from under the first two prongs of the government's response. The first two prongs, which were the exhaustion of administrative remedies and the deprivation of judicial review and everything. But these are significant parts of the case. And it just, you know, if a judicial process means anything, we've got to have some allegiance and faithfulness to an accurate set of facts. And we do not have that here. And I think it ought to, at a minimum, be sent back to Judge Dever and let him decide it with an accurate set of facts. And I hope that any remand would be accompanied by an apology for what happened in this case. Well, certainly, Your Honors, I am here to apologize. And I will let you know that our office intends to send a notification to Judge Dever as well to let him know of the oversight. And to OPR? I'm sorry, Your Honor? And to OPR? No. No, let me emphasize that there's no allegation of misconduct in this case. It was an inadvertent oversight. And, Your Honor, the defense counsel had access to these documents. That's what you're going to say, that since they had access to the same things that the government had, that there's no prejudice, that it's in some ways on them. It's outrageous. When time and again, when the government screws up, the government says no harm, no foul. But when a criminal defendant or a noncitizen makes even the slightest error, then that's it for them. You ought to accept what everybody is saying here, that we should remand and not continue to struggle. It just makes the government look worse and worse. Well, Your Honor, I don't mean to suggest, and I don't suggest that we're blaming the defendant. Absolutely, this was the government's mistake. Well, that it was in the records so that the defendant had an opportunity. I think that's what you're saying, that since it was in the record that the defense saw, even though it's not in the record that we saw, that the defense was on notice as well somehow. Absolutely. Both parties overlooked it. Well, that's ridiculous, though. That's what I'm saying. It's outrageous for the government to take that position at this point, given the rope that you're being handed that you could just remand and let's get this right. And you may well win in the end, but doesn't the government want to win the right way and the just way? I don't understand this. Well, Your Honor, Judge Evers' order made three alternative holdings. Judge Evers said the defendant lost on prong one. Well, he can pick one of those on remand. But it's our position that the issue of the waiver doesn't affect whether the hearing was fundamentally unfair. I understand your position. Your position right now is that we should not remand, but we should affirm and go on and ignore this. Well, yes, Your Honor. You filed your brief, I think in May 2023, and you filed a corrected brief, as Wilkerson characterized it, at 11th hour. It would be the 11th hour of the 59th amendment, I think, late on Friday, December the 1st. And I'll be honest with you, I didn't know about it until less than 24 hours ago. And this is December the 5th. And you say we shouldn't remand. We don't need to deal with it. We just sweep it under the rug.  I'm surprised. I agree with Justice Thacker. I'm surprised and disappointed that the Justice Department has taken this position. Well, Your Honor, let me explain a little bit why we argue that it doesn't affect whether the hearing was fundamentally fair or not. To show fundamental unfairness, the defendant has to show... This hearing, this proceeding, this appeal process, they haven't even filed a reply brief. For some reason, they didn't file one before, but they haven't filed a reply brief, and you're filing this. If we grant the motion to file the corrected response brief, under our rules, they have a right to file a reply brief. Of course, Your Honor. All right, and we're here arguing without the reply brief. Yeah, we would be happy... But you want us to affirm without the reply brief. You want us to affirm, based on the record, whatever it is that's been corrected here with the corrected brief. You want us to affirm that. Well, Your Honor... I think that's what you're telling us. We certainly would... You told Judge Woodinson you opposed a remand. We do oppose a remand. We would not oppose their filing the reply brief. We filed the motion to correct the brief with their consent. And certainly, after the briefing is done, we would be happy to come back up here for another oral argument. Maybe what we should do is deny the motion to file the corrected brief and remand. Yes. And let the record come back up in the right condition and give a fair shot for Judge Devere. I mean, he heard this case and resolved this case. In the final analysis, you may be exactly right on the merits, but the integrity of the court system has to override that. In my view, things have got to look right. They've got to be right, and they need to look right. They have to be fair, and they have to appear to be fair. Absolutely, Your Honor. And the government should be the entity in the courtroom arguing that most strongly. Well, we are. The fairness and the appearance of fairness doesn't mean the defendant wins every time, Your Honors. We're not saying that the defendant wins every time. In fact, the government may ultimately win. We're just saying that the process should be correct. We're up here on you're arguing things that aren't in the record on a corrected brief that is also not in the record at the last minute. And a factual scenario that the district court didn't have in front of it. That's all. We just want to do it right. And I don't understand why the government doesn't want to do it right. I understand about the alternative bases, and that might win the day for the government in the end. But why doesn't the government want to do it right? That's why you filed the motion for corrected brief in the first place. I thought that you wanted to bring this to our attention and get it right. Absolutely. We do want to get it right. We do have an obligation to do justice, but we don't think a remand is necessary to accomplish that. But your corrected brief, I was struck by your corrected brief as it's submitted to me. I don't know whether you submitted it or my law clerk put it together. You sent a red line version or something. We did. The corrected brief, it looks to me like, still quotes, in hack verba, the so-called waiver that you say you're abandoning. On pages four and five of the brief, you quote the whole thing. We quoted it because the district court relied on it. And then you're saying— And we put a note that says we're not relying. It's half of your factual state. Well, it's not half. Well, it's a big chunk of it. We quoted it because the district court relied on it, and we thought it would be confusing if it just disappeared. We wanted to make sure the court was aware of how our position had changed. I understand the court's desire to— Well, I would just say that, you know, Judge Thacker used the word outrageous. I would like to associate myself with that word. The tardiness of this, the major nature of the concession, the fact that it was allowed to go on until this late date, the fact that it was submitted in a manner that put these opposing counsel at a distinct disadvantage, that you were arguing for an affirmance notwithstanding a factual error that knocked two of the three props from under the thing. You still may win. You may. I don't know. But the process here is something that requires just a bit of introspection about how the Department of Justice treats this court. Do you understand me? Yes, Your Honor. I just want to assure Your Honor that this was an inadvertent oversight. We corrected it. The appellate division corrected it as soon as we became aware of it. And I— And we just want to assure the court that we— The consequences of not allowing it to be corrected were even worse, if that's possible. That would have been—I mean, that— It was an inadvertent oversight by both parties. The defense had this information— I accept your proposition that it was inadvertent. I don't like your blaming the other side. I am not blaming them, Your Honor. I don't mean to suggest that. If you're going to dive on your sword, you need to dive on your sword. And I accept what you're saying that on the part of the government it was inadvertent. And— But it shouldn't have happened. And it shouldn't happen anymore. And it shouldn't happen for more than six months. It shouldn't take— I was working on this case, well, a few weeks ago. My law clerks were working on it. And we had a brief from the government that you've brought in all—basically abandoned. Yeah. I didn't get ready for this argument. And the only reason this— It's all changed. Yeah, the reason that— And you say, well, affirm it anyway. So what? Just affirm it anyway. That may be worse than what you did to begin with. But I do commend you for coming forward with it. Yes, Your Honor. But there's also— Maybe you want to reconsider that. Asking us to affirm under these circumstances today. I would suggest to you that something more is at stake here. And that is, I think that the government has a long-term interest in having the court trust its representations. And you run the real risk of eroding that trust when representations are made in this fashion and retracted, still pushing for an affirmance. And, you know, I think that the relationship between the government and this court is something that you would want to preserve. I know you do. Absolutely, Your Honor. And I want you to understand that what happened here is not in the government's long-run interest. Because the government's long-run interest is saying, well, DOJ and the executive branch have been straight shooters with us. We can rely on what they say is, in fact, true. I'm not blaming you personally in any way. You've stood up here, and I'm sure this hasn't been the most pleasant morning of your career. And that's okay. But I just want you to understand how we are coming from this and that we will safeguard our process. I absolutely understand. And let me be clear. I can't agree to a remand right now. It's not because the government is being stubborn. I don't have the authority to agree to a remand right now. You represent the United States. You're the only person we have here. I have represented the United States in multiple cases. And so has Judge Thacker. Absolutely. And we understand how things operate. Yeah. And I can certainly go back and talk to the people who have that authority to approve it. But I'm just letting you know it's not being obscure. I just don't have the authority right now to make the remand decision. You have authority to tell us to affirm without getting a reclavery. Well, that's the position we set up. You have authority as a lawyer in this court to make some decisions and some judgments that are in the best interest of the government. You're the only one here to speak for the government. Absolutely. And our office approved our position that the remand is not necessary. I understand Your Honor's concerns. Well, that's a problem. I don't have authority to change that position right now, but I'm certainly willing to go back and discuss it further. You know, the great Supreme Court Justice Robert Jackson, he was a former solicitor general and a former prosecutor. And he said the government is entitled to land hard blows, but not foul ones. And this comes close to the line. And you might know that I've always admired Justice Jackson. And it seemed to me he had his good view of both the government's obligation to land hard blows, but its equal obligation not to strike foul blows. And this may not be a foul blow, but it inches close to the line. And your time is up, Your Honor. Your time has expired. If my colleagues have further questions for you, that'll be fine. I do want to wish you a nice holiday season. Thank you, Your Honor. You too. Counsel, do you have some rebuttal? Well, I just wanted to simply echo a couple of sentiments on behalf of Mr. Camaro-Castaneda. I can't hear you very well. I'm sorry. I wanted to go right ahead and echo a couple of sentiments that were previously stated by Your Honors. On behalf of our client, Mr. Camaro-Castaneda, when we are in the process as important as this one, it is of great importance to be able to maintain the integrity of our courts. It's also exceptionally important to safeguard the process. And I want the court to remember, and God willing, in the future, if we have to come back, to remember that safeguarding the process for the most vulnerable in our society, such as Mr. Camaro-Castaneda, is of exceptional importance as well. I'll leave the court with those thoughts and respectfully request to uphold the integrity of the courts by remanding this matter. Thank you, Your Honors. If there are any questions, I'll be happy— Are you still saying that you want to file a reply brief? No. And you consent to the filing of the response brief? Well, Your Honor— Your position, when you stood up, you said, we consent to filing of the reply brief, of the response brief, corrected response brief, but we want to file a reply brief. Now, is that your position as you stand up here now? No. So you can make decisions? Yes. Now, tell me what your position is now. What the final position is. The final position, given the facts and the statements made by the Honorables, Judge King-Wilkinson and Judge Thacker, is simply speaking not to proceed on the corrected brief by the government, and to remand it so that way the record can be corrected and the facts can be relied upon by the Fourth Circuit, which is of exceptional importance. So that would be our position in order to maintain the integrity of the courts. So should the response brief as corrected, the new brief, be filed? Do you consent to that? You still haven't answered my question on that part. The response brief— Yes. The corrected response brief. I put it in blue here. The government's corrected response brief. And you said you consented earlier. So this is— On the record here, you stood up and said, we consent to that filing. Yes. Is that your position? Let me make sure that I identify my thoughts so as to ensure that I protect Mr. Camaro-Castaneda's rights at this hearing. I do not believe that the record is correct. To that extent, I believe that whether or not a corrected brief is filed becomes irrelevant because the record that this court would rely upon is not— Okay. So you're saying it's irrelevant, but you're not answering Judge King's question. Do you consent to the motion to file the corrected brief? Should we grant that or deny it? I think we should grant it with the understanding that it should be remanded. Anything further? Nothing further at this time. Judge Black, do you have any further questions? No, thank you. Judge King? I'm good. All right. We thank you both and wish you well. And thank you very much for your argument before us this morning. And we will now move—
judges: J. Harvie Wilkinson III, Robert B. King, Stephanie D. Thacker